LAKE VIEW MEMORIAL HOSPITAL, Plaintiff-Appellee, *v.* THE COUNTY OF VERMILION, Defendant-Appellant.

(No. 12090; )

Fourth District—November 6, 1974.

414

Richard J. Doyle, State's Attorney, of Danville (Richard I. Nicholes, Assistant State's Attorney, of counsel), for the People.

Harvey H. Acton, of Acton, Bookwalter, Meyer & Smith, and C. E. Snyder, of Stifler & Snyder, both of Danville, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from a judgment of the trial court denying its motion for summary judgment, granting plaintiff's motion for summary judgment and ordering defendant to deliver a deed of certain real estate to plaintiff.

The issues are presented upon the complaint and admissions, either by answer or upon demand for admissions of fact. On April 29, 1930, plaintiff conveyed and quit claimed the described real estate to defendant for the sum of $4994.16. The issues arise under the following provision of such conveyance:

> "It is agreed, as a part of the consideration of this conveyance, that if the grantee fails or refuses, for any reason to use and operate, during a period of any two (2) years after the construction thereof, a Tuberculosis Sanitarium on said premises, then title to said premises shall revert to the grantor herein, upon the grantor paying to the grantee the consideration above set forth and in addition thereto, the actual cost of the Tuberculosis Sanitarium Building, erected on said premises, less an annual depreciation of four per cent (4%) of the original actual cost thereof, and upon the grantee failing to operate and maintain said Tuberculosis Sanitarium during any period of two (2) years, as aforesaid, then the Grantee agrees to execute a deed of conveyance to the Grantor herein said premises and appurtenances, upon the Grantor paying the purchase price as herein fixed."

These facts are admitted: Defendant constructed a tuberculosis sani-

tarium which went into operation in 1940, and continued its operation until October 23, 1967. Its hospital license was terminated on November 17, 1967, and the defendant has failed to operate such sanitarium on the premises from October 23, 1967, until the time of the complaint. In May, 1968, the County Board of Supervisors, administering the sanitarium, adopted a resolution that it be converted into a nursing home to be operated by the Vermilion Nursing Home Committee and such Board of Supervisors. In June, 1968, plaintiff delivered a letter to such County Board calling attention to the condition contained in the deed of 1930. In November, 1969, plaintiff tendered to defendant the sum of $4994.16, and made demand for a deed of the property. Defendant rejected the tender and demand on December 9, 1969.

The prayer of the complaint asked divers relief which, in a technical sense, are not necessarily consistent, but included a prayer that the court find a "valid condition subsequent" had been breached; that the premises had reverted to plaintiff and that plaintiff was entitled to a conveyance and asked that the court order the defendant to execute and deliver a deed.

The trial court's memorandum found that on October 23, 1967, defendant ceased to accept or treat bed patients and ceased to provide domiciliary care, and that tuberculosis patients requiring hospitalization had been hospitalized in institutions other than that maintained by defendant. It also found that in September 1929, defendant adopted a resolution leveling a tax for the acquiring of land, building a hospital building and operating a tuberculosis hospital; that in April, 1930, plaintiff conveyed, by quitclaim deed, the real estate for the stated consideration, and that it was undisputed that the building was constructed upon the land conveyed.

The court found, and it is not contested here, that there is no dispute upon the facts considered. The court stated that the issues to be determined included (1) whether or not the matters before the court constituted a proper case for summary judgment, and (2) the interpretation of the deed of conveyance and the factual question whether there has been a cessation in the operation of a "tuberculosis hospital."

Noting that each party had moved for summary judgment, he determined that such issue was ripe for action. He further found no ambiguity in the deed of conveyance, stating that it should be construed in the light of the resolution of the County Board voting a tax for the purpose "of constructing and maintaining a tuberculosis hospital" in Vermilion County.

The court further noted the arguments of counsel directed to the ques-

tions of reverter, forfeiture and conditions subsequent, but that none of the cases cited had comparable facts to those at issue.

As to the final question of whether or not defendant had ceased to maintain and operate a tuberculosis hospital for a period of 2 years, he found that defendant "has not operated a hospital for the care of tubercular bed patients on the premises in question since on October 23, 1967," and that it was admitted that all tuberculosis patients served by the dispensary maintained are treated at other institutions. The court further determined that all right to operate a tuberculosis hospital as provided in the deed had terminated and that a tuberculosis sanitarium is a hospital within the provisions of section 3 of the Hospital Licensing Act (Ill. Rev. Stat. 1969, ch. 111½, par. 144).

He noted that the asserted use of the premises as a "dispensary" for tuberculosis patients was not the same thing as a hospital, as a dispensary is defined as a place where a drug is distributed. He further found that plaintiff's notice had been received by defendant and that the plaintiff had deposited the sum with the clerk of the circuit court. Upon such findings he ordered that defendant prepare and deliver a deed to plaintiff.

While the clause at issue does provide that the "premises should revert to the grantor," we conclude that the authorities cited and the arguments made as to whether the limitation in the deed created a fee simple determinable with the possibility of a reverter or an estate subject to a condition subsequent do not determine the issue.

■■■ Without travelling through the long history of the development of these estates, it may be said that it is characteristic of the fee subject to a possibility of reverter that the reversion to the grantor is effective automatically upon the occurrence of the stated event without an act of the grantor or his heirs. It is said that such estate expires by its own terms. (Kales, Conditional and Future Estates, ch. I, § 2, par. 124; *Lyford v. Laconia* (1909), 75 N.H. 220, 225, 72 A. 1085; *Trustees of Schools v. Batdorf*, 6 Ill.2d 486, 130 N.E.2d 111; *Northwestern University v. Wesley Hospital*, 290 Ill. 205, 125 N.E. 13; see also Ill. Rev. Stat. 1967, ch. 30, par. 37e.) A fee upon a condition subsequent, on the other hand, may be terminated only by entry for breach of such condition. Kales, Conditional and Future Estates, *supra*; *Dunne v. Minsor*, 312 Ill. 333, 143 N.E. 842; *Koch v. Streuter*, 232 Ill. 594, 83 N.E. 1072; Ill. Rev. Stat. 1967, ch. 30, par. 37e.

■■ It is clear from the language of the provision that the parties neither contemplated that the title would automatically revert to the plaintiff, grantor, upon the event that the hospital services were termin-

ated, nor that plaintiff would exercise a right of re-entry. It is explicit that the plaintiff should tender a sum determined through the computation provided and that defendant would execute a conveyance upon such tender. Thus, the termination of the estate conveyed required the further act of each party. There is no provision, express or through clear implication, for forfeiture of the estate or for re-entry by the grantor. *Dodd v. Rotterman,* 330 Ill. 362, 161 N.E. 756.

■■ It is established that one may purchase and agree or covenant to sell the land back upon stipulated terms. Such transactions are sustained when made in good faith and without taint or fraud. Such a covenant may be enforced by specific performance. (*Dodd v. Rotterman, supra.*) Such relief is encompassed within the complaint which recites performance of the terms and conditions by the plaintiff, and prays that defendant be required to convey by deed.

■■■ Upon the admitted facts, the trial court's conclusion that the property was no longer being used and operated as a tuberculosis sanitarium or hospital should be sustained. The trial court found that defendant accepted the conveyance; levied a tax for the purpose "by constructing and maintaining a tuberculosis hospital," and that it did so construct the hospital and operated it as a licensed institution from 1940 through 1968 when it ceased accepting in-patients for treatment and terminated its license to so operate. As facts, such conclusions are not disputed. The conduct of the defendant supports the conclusion that the parties intended that there be a hospital in the usual context of persons "admitted for overnight stay or longer in order to obtain medical * * * and nursing, care of illness * * *." (Ill. Rev. Stat. 1965, ch. 111½, par. 144.) There is no distinction between the "tuberculosis sanitarium" in the provision of the deed and the "tuberculosis hospital" found in the official acts of the defendant in constructing such hospital.

■■ The statutory authority in defendant to close an inpatient tuberculosis facility and to use the building for other county purposes (Ill. Rev. Stat. 1967, ch. 34, par. 5102) does not serve to nullify the terms of the deed.

■■ It is argued that the defendant's partial use of the premises as a dispensary satisfies the provisions of the conveyance. A dispensary is defined as a place where a drug is prepared or distributed. (Black's Law Dictionary 557 (4th ed. 1951.) The partial use of the building as a dispensary appears to be inconsistent with the intent of the parties as stated in the terms of the deed and evidenced by the acts of the defendant.

■■ It is argued that equity and public policy require that the provisions of the deed be nullified and that the county be permitted to keep

the property. The provision at issue was clearly stated and accepted as stated, and the facts do not suggest that the provision was unreasonable at the time made. Defendant cites certain cases concerning conditions or restrictive covenants which are impossible of performance. Such cases have no relevance under the facts here. Defendant cites *Trustees of Eureka College v. Bondurant*, 289 Ill. 289. It is not urged, however, that the action of defendant in accepting the deed was contrary to law or public policy at the time of such deed.

The judgment is affirmed.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.